Haywood, Justice.
— I doubt whether we have power to say, the oath sworn by the witness is tantamount to *465 that imputed him in the indictment. We cannot imply that one thing; is tantamount, or equivalent, to another, in indictments. Were the Judges allowed this power of implication, they might whenever they thought proper, construe the offence proven to be tantamount or equivalent to that laid in the indictment, when according to stiict propriety and common acceptance, it was essentially different; and a Defendant who had prepared himself to falsify the charge as laid, might find himself sur-prized with evidence constructively tantamount, though not properly and strictly applicable to that charge. I do not recollect any cases upon this head at present — none have been cited — but this case seems to fall under the operation of a general principle, of vast magnitude in a free country, where the law is to govern — a sacred principle never to be evaded, nor ever to be thought of but with reverence, it is the best security the citizen has against judicial tyranny. I hope, therefore, the verdict may be so taken, as to bring this point before, the court. In all other respects I agree, that the Defendant ought to lie found guilty, lie was found guilty, but the verdict was made subject to this point, et adjournatur.
Notb. — Vide S. C. post 463.